**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-06096-CV-SJ-RK |
| | ) | |
| | ) | |
| ANGELA LANG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS, (2) DENYING AS
MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (3) DENYING AS
MOOT DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS**

Before the Court is Defendants John Mino, Carol Mino, and Mino Farms ("Mino Defendants") Motion to Dismiss (doc. 24), requesting the Court to dismiss, or alternatively, to stay this case in light of an equitable garnishment proceeding involving the same parties that is pending in state court. Based on the same arguments, the Wise Defendants[1] and the Lang Defendants have filed separate motions to dismiss (docs. 26 & 27), which incorporate the Mino Defendants' suggestions in support. Also pending, Plaintiff Westfield Insurance Company ("Westfield") has filed a motion for summary judgment (doc. 28);[2] and the Lang Defendants have filed a motion to stay summary judgment briefing and proceedings (docs. 31), which is joined by the Mino Defendants (doc. 34) and the Wise Defendants (doc. 35). Westfield has filed suggestions in opposition to the motions to stay summary judgment briefing and proceedings (doc. 37). For the reasons that follow, the Court **GRANTS** Defendants' motions to dismiss

---

[1] At this juncture, the following three sets of defendants remain in the case. The Court adopts the parties' designation of these sets as the Mino Defendants (defined above), the Wise Defendants, and the Lang Defendants. "The Wise Defendants" refers collectively to the following Defendants: Joslyn Wise, Glen Wise Family Trust, Joslyn Wise Trust, Joslyn B. Wise Trust, Wise Family Trust, Glen & Joslyn Wise Trust, Phillip and Nancy Jane Wise, Glenda Homedale, and Glenda J. Homedale Trust. "The Lang Defendants" collectively refers to Defendants Angela Lang and Gavin Lang. For the purposes of this Order, reference to "the Defendants" includes all three sets of defendants. Other defendants initially included in this action—namely, Scott Popeko; Sumitomo Rubber Industries, LTD; M&L Trucking, Inc.; and Wise Enterprises, Inc.—have been dismissed. (Docket Entries ("D.E.") 15, 16, 17 & 38.)

[2] Suggestions in opposition to Westfield's motion for summary judgment were due by December 5, 2016. That response deadline has passed; no response was filed by any of the Defendants.

(docs. 24, 26 & 27), and **DENIES** as moot the motion for summary judgment (doc. 28) and motions to stay summary judgment briefing and proceedings (doc. 31, 34 & 35).

<u>Background</u>

This case arises out of a fatal car crash involving the Lang Defendants, their son, and Scott Popeko (a party previously dismissed, Docket Entry ("D.E.") 15). (Doc. 1 at 7, ¶ 25.) Popeko was allegedly driving a truck owned by Defendant Mino Farms, Inc. to make a delivery, a trip undertaken by Popeko as part of the joint farming operation involving the Mino Defendants and the Wise Defendants (including Defendant Wise Family Trust). (Doc. 1 at 7-8, ¶¶ 26-34.) In 2015, the Lang Defendants brought a diversity action in this district for wrongful death and personal claims against the Mino and Wise Defendants, among others, seeking damages stemming from the collision, Case No. 5:15-cv-06069-DGK ("the underlying claim"). (Doc. 1-1.) In the underlying claim, the Lang Defendants allege that the accident resulted in the death of their nine-month old son and personal injuries to Angela Lang.

While the underlying claim (Case No. 5:15-cv-06069-DGK) was still pending, on August 3, 2016, Westfield filed the instant action under the Declaratory Judgment Act, 28 U.S.C. § 2201, (doc. 1.). In the instant action, Westfield seeks the interpretation of an insurance policy, ("the Policy"), issued to Defendants Wise Enterprises, Inc. (a party previously dismissed, D.E. 16) and Wise Family Trust. Westfield requests this Court to declare that the Policy provides no coverage for the underlying claim and that Westfield has no duty to indemnify Defendants Wise Enterprises, Inc., and Wise Family Trust for any liability in the underlying claim.

In late August, the underlying claim was finally resolved. In the following month, a Missouri state court, (Jackson County Circuit Court of Missouri, Case No. 1616-CV22373), entered a judgment confirming an arbitration award on the underlying claim in favor of the Lang Defendants and against the Mino and the Wise Defendants, to be satisfied jointly and severally.

Finally, on October 20, 2016, the Lang Defendants, as judgment creditors, initiated a separate equitable garnishment action pursuant to Mo. Rev. Stat. § 379.200 in Missouri state court, (Jackson County Circuit Court of Missouri, Case No. 1616-CV25188), in which the Lang Defendants seek to collect insurance proceeds to satisfy their judgment from the Policy as well as additional policies issued by another insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). (Doc. 25-1.) In the equitable garnishment proceeding, the Lang

Defendants name as defendants: Westfield, the Mino Defendants, the Wise Defendants, and State Farm. The petition has two counts: Count I against Westfield for Equitable Garnishment, Breach of Contract, and Bad Faith Refusal to Defend and Indemnify, and Count II against State Farm for Equitable Garnishment, Breach of Contract, and Bad Faith Refusal to Defend and Indemnify.

Here, Defendants move this Court to abstain from exercising judgment over the instant action which Westfield has filed seeking declaratory judgment. Defendants argue this action should be dismissed, or in the alternative, it should be stayed because the parties will have the opportunity to litigate the same issues in the equitable garnishment proceeding pending in Missouri state court. Westfield opposes the motions, arguing (1) the motions are deficient as untimely because they were not filed prior to Defendants' Answers, and (2) the Court should retain jurisdiction over the matter because the issues are ripe for adjudication.

## Discussion

### I. Timeliness of the Motions to Dismiss

Defendants' motions to dismiss raise principles of abstention. Plaintiff contends that Defendants' motions to dismiss are untimely motions pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b) lists certain defenses that may be asserted by motion. Rule 12(b) goes on to state that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Rule 12(h)(2) then provides that a motion to dismiss for the failure to state a claim upon which relief can be granted can be raised even after an answer has been filed. Thus, even if Plaintiff correctly characterizes the motions as being filed pursuant to Rule 12(b)(6), Plaintiffs argument is without merit because Rule 12(h)(2) contemplates that a 12(b)(6) defense may be raised as late as trial.[3] Therefore, the Court is not compelled to deny the motions to dismiss on the ground that they are untimely.

### II. Abstention

Having declined to deny the motions to dismiss as untimely, the Court decides whether to abstain in light of the equitable garnishment proceeding in Missouri. Under the Declaratory

---

[3] Whether the motions are couched as pursuant to Rule 12(b)(1) or 12(b)(6), these defenses can be raised after the filing of an answer. Fed. R. Civ. P. 12(h)(2)-(3); *see e.g.*, *Stein v. Legal Adver. Comm. Of the Disciplinary Bd.*, 272 F. Supp. 2d 1260, 1263 n.3 (D.N.M. 2003) (motion to dismiss based on abstention principles is similar to a motion to dismiss for lack of subject-matter jurisdiction).

3

Judgment Act, a court "*may* declare the rights and other legal relations of any interested party seeking such declaration[.]"  28 U.S.C. § 2201 (emphasis added).  As shown by the statute's express language, it is well established that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)).  Accordingly, the Supreme Court held in *Wilton* that the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding is the discretionary standard set forth in *Brillhart*.

Under *Brillhart*, "[t]he key consideration for the district court is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'"  *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495 (1942))).  "If so, the district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'"  *Capitol Indem. Corp.*, 218 F.3d at 874 (quoting *Brillhart*, 316 U.S. at 495).

Because the *Wilton/Brillhart* discretionary standard is curbed in circumstances not involving a parallel state court action, the threshold issue for the district court is whether the federal declaratory judgment action and the pending state court action are, in fact, parallel.  *See Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967-68 (8th Cir. 2013); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005).  "Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'"  *Scottsdale Ins. Co.*, 426 F.3d at 997 (internal citation omitted).

At the outset, the Court determines that this case and the state garnishment proceedings are parallel.  First, the parties in both cases are substantially the same.  The parties in the state court action are the same as the parties in the instant federal action, with the exception that the state case also involves another insurer, State Farm.  *E.g.*, *Travelers v. Indem. Co. v. Plazaview, LLC*, No. 4:15-cv-00195-SRB, 2016 WL 110598, 2016 U.S. Dist. LEXIS 2161, at *5 (W.D. Mo. Jan. 8, 2016) ("[W]here every party to [the federal] suit is also a party to the state court suit, the

4

parties are substantially the same.") (quoting *Maritz v. Starek*, No. 4:05-cv-2093-JCH, 2006 WL 1026925, 2006 U.S. Dist. LEXIS 36922, *15 (E.D. Mo. Apr. 18, 2006)).

Second, the coverage issues to be litigated in both cases are also substantially the same. The claims for equitable garnishment, breach of contract, and bad faith in Count I against Westfield involves the issue of whether the Policy covered the tortious actions in the underlying claim, which is also the issue Westfield has presented to this Court. Both cases are governed solely by state law, not federal law. Moreover, Westfield does not dispute that the garnishment proceeding will address the same issues presented to this Court in the declaratory judgment action.

Westfield's contention that the Court should retain jurisdiction over this case because it is ripe for adjudication is not a sufficient ground to deny the motions to dismiss. First, the Eighth Circuit has rejected the argument that a district court should exercise jurisdiction because it was filed before the state court action. *Capitol Indemn. Corp.*, 218 F.3d at 874. Second, Defendants disagree with Westfield's position that no discovery is necessary before the coverage issue can be adjudicated, (*see* doc. 32).[4] Defendants also point out that discovery is underway in the state garnishment proceeding. Moreover, both cases are in their early stages and were filed only two-and-a-half months apart. The instant action was filed a little more than six weeks before the state court entered a judgment confirming an arbitration award in the Lang Defendants' favor, and under Missouri law, the Lang Defendants had to wait thirty days from the entry of judgment before filing their equitable garnishment proceeding. *See* Mo. Rev. Stat. § 379.200.

The overarching question in deciding the motions to dismiss is whether the matter can be better settled in the proceeding pending in state court, and the Court concludes that it can. The pending garnishment proceeding involves the same parties (with the exception of State Farm) and the same coverage issue with respect to the Policy, which is governed by state law. Thus, the Court finds that the state court is in the better position to adjudicate the matter and that permitting this federal action to proceed would be "uneconomical as well as vexatious" in light of the pending garnishment proceeding. Consequently, abstention under *Brillhart* and *Wilton* is warranted.

---

[4] Westfield has filed a motion seeking summary judgment on the coverage issue. (Doc. 28). In response, Defendants have filed their motion to stay summary judgment briefing, requesting that the Court stay the briefing to allow sufficient time for discovery. (Doc. 31.)

When a district court abstains from exercising jurisdiction over a federal declaratory judgment action, the district court has discretion in deciding whether to stay the action or to dismiss it. *Wilton*, 515 U.S. at 288. Here, it appears the scope of the state court action is broad enough to fully resolve all disputes between the parties. Westfield does not contend, nor does the Court see that there is any reason why this action would return to federal court. Therefore, dismissal, rather than a stay, is the most appropriate course. *Capitol Indem. Corp.*, 218 F.3d at 875 n.2.

<u>Conclusion</u>

This declaratory judgment action raises issues of state law that will be addressed by the same parties in a pending state court equitable garnishment proceeding. Therefore, Defendants' motions to dismiss (docs. 24, 26 & 27), are **GRANTED**. The Court abstains from exercising jurisdiction over this case, and it is hereby **DISMISSED** without prejudice. Plaintiff Westfield's motion for summary judgment (doc. 28) and Defendants' motions to stay summary judgment briefing and proceedings (doc. 31, 34 & 35) are **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 10, 2017